## AUGUSTA RADKE v. GUST RADKE.[1]

May 4, 1923.

No. 23,338.

No prejudicial variance.

1. There was no variance prejudicial in character between the complaint alleging a specific loan and the proof showing a transaction out of which a different loan at a different time arose.

Error to strike out testimony.

2. The issue was whether the plaintiff loaned the defendant $3,000. The defendant claimed it was a gift. It was error to strike out the testimony of the defendant's wife of facts tending to show that a certain $1,000, paid to the plaintiff by the defendant by a certificate of deposit, was to be applied on certain notes, and was not a payment on the $3,000 as the plaintiff claimed it to be.

[1] Reported in 193 N. W. 461.

Action transferred to the district court for Yellow Medicine county to recover $2,000. The case was tried before Daly, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony his motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Bert O. Loe*, for appellant.

*H. Zander*, for respondent.

DIBELL, J.

Action by the plaintiff to recover for money loaned. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

1. The defendant urges that there is a fatal variance between the complaint and the proof.

The plaintiff and the defendant are mother and son. The complaint alleges that on March 1, 1917, the plaintiff loaned the defendant $6,000; and that on January 1, 1918, the plaintiff paid $3,000, and on July 27, 1920, $1,000, leaving due $2,000. There was no loan of $6,000 on March 1, 1917, nor at any time. The plaintiff sold the defendant a farm for $15,000 in the early part of 1918. The defendant paid $2,500. He gave 11 notes of $500 each and one of $1,000. In June, 1918, the defendant was the owner of a mortgage for $6,000. There was some talk of his transferring it to the plaintiff to apply on the purchase price of the farm. Finally he sold it to a bank. He brought the $6,000, proceeds of the sale, or evidences of it, to the plaintiff. He says that she accepted $3,000, and made him a gift of the balance of $3,000 because he had not received so much as the other children from his parents. The plaintiff claims that he wanted to use the $3,000 for a time because he had been or was building on a farm which he owned and could use it handily, and so she let him keep it; and she claims that afterwards the defendant paid $1,000 on the loan, leaving a balance of $2,000. These are the facts claimed.

If the plaintiff's version is true it could be held that there was a loan of $3,000. This is something different from the transaction alleged. The parties, however, knew exactly their differences. An amendment would have been allowed after the testimony was in as a matter of course. The defendant was not prejudiced by the bad pleading. The variance should be disregarded.

2. It is conceded that the evidence sustains the jury's finding that there was a loan of $3,000 and not a gift. The defendant claims, however, that there was error in striking out certain evidence. The plaintiff's claim was that about July 17, 1920, the defendant paid $1,000 on the loan using a certificate of deposit on the Belview bank, leaving $2,000 still due. That it was paid for some purpose is conceded. If it was paid on the $3,000, the defendant's claim of a gift is without much substance. The purpose of the payment of the $1,000 was vital proof on the issue of loan or gift. The plaintiff is firm in her testimony that it was paid on the $3,000. This supports her claim of a loan. The details surrounding the payment she does not seem to have. The defendant is equally firm in his claim that it was not paid on the $3,000, but on something else. He does not seem to carry the details of the payment in his mind, or anyway he does not disclose clearly. The defendant's wife testified that her mother-in-law said that the $3,000 was a gift. She testified as to the details of the payment of the $1,000 Belview certificate. Her testimony is in part as follows:

"Q. Were you present when that Exhibit A, $1000, was delivered to your mother? A. Yes sir.

"Q. And that was in her house in Echo? A. Yes.

"Q. What was said by your mother-in-law about that payment of $1000, what it was for? A. What for? She is going to buy a house in Alexandria.

"Q. In Alexandria? A. Yes.

"Q. And was there anything said about notes at that time? A. Yes. She said she didn't have the notes, but as soon as she was moved in she was going to send some notes.

"Q. Of which this certificate was payment? A. Yes.

"Q. Was there anybody else present at that time? A. No, sir.

"Q. Your mother-in-law was there? A. And my husband."

Counsel for the plaintiff suggested that the testimony was not material. There was then talk back and forth. The court suggested that this $1,000 payment was involved in a case which had just been tried, the same day or the day previous, and that the jury had found that it was not applied on the notes, and sustained the objection. Counsel for the defendant said that "the plaintiff in this case claims that this certificate of deposit was paid on the $3,000 to reduce it to $2,000. I am taking the position that the $3,000 was a gift, and that this payment was made upon the notes. I think I would be entitled to show it." The court then suggested that the jury in the other case "found it wasn't a payment on your note, and I don't think, counsel, you should ask to go into it now." An exception was taken. The plaintiff then objected to the testimony as res adjudicata. There was no res adjudicata in the case. Counsel for the defendant then suggested that the testimony was in the record. Counsel for the plaintiff then asked that "it be stricken out * * * as not proper evidence." The court then ordered that "the evidence as to the purpose of the payment of the $1,000, evidence with regard to that may be stricken." Exception was taken by the defendant. The trial court's view as to the effect of the prior litigation of the payment is given in greater detail in the memorandum made a part of the order from which the appeal is taken.

The defendant rested and Rudolph Jobe, a son-in-law of the plaintiff, testified to this same payment of $1,000 by the Belview certificate on July 27. His testimony is in part as follows:

"Q. Just tell what was said about the $3,000. A. She [plaintiff] asked for the $3,000, and he [the defendant] said, yes, I owe it to you, he says, yes, I know it, he says, and then he didn't answer no more about that and then they went in the house but I didn't go with, I stayed by the car, so I don't know what they done there. But when they came out, they was in the car, and we started for home, Mrs. Radke she showed me the interest certificate of deposit of the Belview bank for $1,000 * * *

· "Q. Showing you plaintiff's Exhibit A, do you know whether or not that was the certificate that she showed you at that time? A. Yes, that is the one, State Bank of Belview. I looked at it at that time, and that is the one.

"Q. But you remember, do you, they were at the well, and they spoke about this $3,000? A. Yes, sir, they did.

"Q. And then after that, that is, on the same day, when they were in the house, she came out with this? A. Yes, sir, right a few minutes after that."

The result is that, while the plaintiff testified directly that the $1,000 was paid on the $3,000, and the defendant that it was not, the defendant's wife, claiming personal knowledge of the facts attending the payment, was not permitted to give evidence that it was applied on the notes, but the plaintiff's son-in-law, having some personal knowledge of the facts surrounding the payment, was permitted immediately afterwards to give testimony tending to show that it was made on the $3,000.

The verdict finding that there was a loan of $3,000 is sustained by the evidence. But it cannot be held that it was harmless error to strike out the evidence of the defendant's wife having a direct tendency to show that the application of the $1,000 payment was not on the $3,000, but was on the notes, for if on the $3,000 it substantiated the theory of a loan and negatived that of a gift. It bore vitally on the issue.

None of the exhibits are printed in the paper book nor have the original files been sent to the clerk of this court. In dates and minor details there may be inaccuracies due to their absence. There should be a new trial, but not judgment notwithstanding.

Order reversed.